PENITENTIARY COMPANY NO. 2 *et al. vs.* NELMS, principal keeper, *et al.*

[Jackson, Chief Justice, being disqualified on account of relationship to parties plaintiff in error, did not preside. Judge Simmons, of the Macon circuit, was appointed to preside in his stead.]

1. Under the resolution of the legislature of 1879, any person interested, whether natural or artificial, may proceed against the principal keeper of the penitentiary by *mandamus* or writ of prohibition to have any rights of such person adjudicated in relation to the furnishing of convicts to the Marietta and North Georgia Railroad.
(*a.*) The superior court of Fulton county has jurisdiction of such proceedings, and if others are aiding the principal keeper in alleged illegal acts in that regard, they may be joined with him in the same action, though residents of a different county.
2. Directions given in regard to bond to be made to dissolve the injunction, or in its default by complainants for receiving the convicts.

Laws. Jurisdiction. Penitentiary. Injunction. Before Judge HILLYER. Fulton County. At Chambers. October 15th, 1881.

Reported in the decision.

HOPKINS & GLENN; JAMES M. SMITH, for plaintiffs in error.

McCAY & ABBOTT; GEORGE N. LESTER, for defendants.

SIMMONS, Judge.

The complainants, Penitentiary Companies Nos. 2 and 3, filed their bill in Fulton superior court against the defendants, the Marietta and North Georgia Railroad Company, of Cobb county, and John W. Nelms, the principal keeper of the penitentiary, of Fulton county, wherein they allege that under the act approved February 25th, 1876, the governor was authorized to lease the convicts of the state for a term of twenty years. That on June 21st, 1876, the governor, in pursuance of said act, entered into a contract with the Dade Coal Company and complainants by which he did lease said convicts to said three companies for the term of twenty years from April 1st, 1879. That by the provisions of said act, before the lessees of said convicts were entitled to any of said convicts, two hundred and fifty of them should be assigned to the Marietta and North Georgia Railroad Company for the space of three years. That the governor, in pursuance of said act, did assign said railroad company the number to which it was entitled, and that since that time said company was claiming more of said convicts, and that said Nelms, well knowing that said company had received all it was entitled to under said act, was assigning to it more convicts and threatened to continue to assign convicts to it. All this they allege was contrary to law and in disregard of the rights of complainants.

The respondents, Nelms and the railroad company, answer this bill, and deny these allegations, and among

other things insist that said company has not received the the number allowed it under the act.

At the hearing in the court below, the chancellor, without passing upon the merits of the case, refused the injunction, " upon the ground that the superior court of Fulton county had no jurisdiction of the case, and upon the further ground that the court cannot, under the law, enjoin the principal keeper of the penitentiary in the matter of disposing of convicts."

To this judgment the complainants excepted, and brought the case here upon writ of error for review.

1. The only question, therefore, before us is, was the judgment of the chancellor right. Did the superior court of Fulton county have jurisdiction? It appears from the record in this case, that there had been a dispute between the complainants and one of the respondents, the Marietta and North Georgia Railroad Company, from the passage of the act of 1876 to the present time, about the number of convicts the railroad company was entitled to, and when the time commenced to run against the railroad company.

It also appears from the record that this point was made before Governor Colquitt in April, 1879, and that he decided that all the convicts received by the railroad company after April 1st, 1876, were part of the two hundred and fifty to which it was entitled under the act of 1876. This decision, it appears, was made over the protest of the company, who contended that it was not to receive any of said convicts under said act until 1st April, 1879, when the leases under the act of 1874 expired, and that those convicts which had been received by it prior to April 1st, 1879, were received under the act of 1874, or a re-lease under the *proviso* to the act of 1876. It appears that the railroad company was dissatisfied with the decision of the governor, and appealed to the legislature, and the result of that appeal was the passage of the following resolution by that body in 1879 :

" *Resolved*, By the house of representatives, the senate concurring therein, that the principal keeper of the penitentiary be and he is hereby instructed to furnish the Marietta and North Georgia Railroad Company two hundred and fifty convicts (including the able-bodied convicts they already have), competent to labor on a railroad, whenever said company gives such bond as may be required by law (if the same has not already been given), said convicts to be worked by said railroad company exclusively for the benefit of said railroad company, as is provided under the act of 1876. And it shall be lawful for any person interested, natural or artificial, by writ of *mandamus* or prohibition directed to said principal keeper, to have any alleged rights of such person adjudicated."

Whatever the law may have been as to suits against the principal keeper, under the last clause of this resolution, jurisdiction is expressly given by the legislature, in this case, to the superior court of Fulton county against said person. The legislature said to these parties, who were both before the committee, "You differ about these convicts ; you differ as to the number, and as to when the time should commence to be counted against the railroad company. In our opinion the railroad should have two hundred and fifty who are able to work. You also differ as to whether a bond has been given ; we say you must give a bond if you have not given one, and we say that any person interested in the matter may have the matter adjudicated in the courts, by a suit against the principal keeper."

Where is that suit to brought? Of course in the county where the office of the principal keeper is, and where he resides. The office of the principal keeper and his residence being in Fulton county, the superior court of said county had jurisdiction to determine the matters complained of in this bill. Fulton superior court having jurisdiction of Nelms, the principal keeper, it follows that any person aiding or assisting, or conspiring with him to injure the complainants and to deprive them of their rights under the act of 1876, can be joined with him in the bill as a co-defendant, whether they reside in Fulton or Cobb county.

We think, therefore, that the bill was properly filed in Fulton superior court against Nelms and the railroad company.

2. It appears from the record that while the chancellor decided that the superior court of Fulton county had no jurisdiction to determine the matter complained of in said bill, he did enjoin the Marietta and North Georgia Railroad Company and the complainants from receiving any of the convicts, which it was alleged that Nelms was about to turn over to said railroad company. This part of the judgment we affirm, and direct it to continue in force and that the writ of injunction be also extended to Nelms, the principal keeper, until the final hearing, unless the Marietta and North Georgia Railroad Company will enter into a bond in a sufficient sum, with good security, to be approved of by the chancellor, conditioned to pay complainants all damages which they may sustain by reason of its receiving said convicts, in case, upon the final hearing of said cause, it shall be determined that said railroad company was not entitled to said convicts.

And in the event that the said Marietta and North Georgia Railroad Company should refuse or fail within ten days to dissolve said injunction allowed, as hereinbefore provided for, by giving the bond and security, then the complainants below shall be entitled to receive said convicts upon their giving a like bond, to be approved as aforesaid within ten days after said failure or refusal on the part of said Marietta and North Georgia Railroad Company to give said bond, conditioned to pay the said Marietta and North Georgia Railroad Company such damages as it may sustain in the event it should be determined, on the final hearing, that said company was entitled to said convicts.

Judgment reversed.